DAVID C. ANDERSEN (State Bar No. 194095)
THE MILLER FIRM, LLC
108 Railroad Avenue
Orange, VA 22960
Telephone: (540) 672-4224
Facsimile: (540) 672-3055
Email: dandersen@doctoratlaw.com

**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| GEORGE FISHER | Case No. 3:07-cv-05889-MEJ |
| Plaintiff, | PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR REMAND |
| v. |  |
| SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE and MCKESSON CORPORATION | DATE: January 14, 2008<br>TIME: 2:00 p.m.<br>COURTROOM: 15<br>JUDGE: Magistrate Judge Maria-Elena James |
| Defendants |  |

Two issues emerge in Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline's (hereinafter "GSK") Opposition to Plaintiff's Motion for Remand. First, is the misassumption that McKesson Corporation is fraudulently joined and thus federal jurisdiction will ultimately prevail. Second, and of primary importance in assessing the weight and credibility of Defendant's position, is the specious argument that judicial economy and efficiency will be served by deferring a ruling of the remand motion pending transfer to the Avandia MDL. In support of its

position, Defendant asks this Court to read and rely only on GSK's version of the law and ignore the overwhelming authority to the contrary. Plaintiff respectfully asks the Court to perform a detailed and thorough analysis of the issues and find that there is no federal jurisdiction and remand this case to state court.

## I.     ARGUMENT

### a.  Economy, Efficiency, Fairness and Comity Favor Resolution of Federal Jurisdiction in this Court.

In opposition to Plaintiff's Motion to Remand, Defendant reiterates much of the argument initially raised in its Motion to Stay All Proceedings. The focus of this argument is judicial economy and efficiency. Defendant argues that allowing the "transferee court to decide this and the other pending Motions to Remand will conserve the resources of the Court, will ensure consistent rulings, and will not prejudice the Plaintiff to any significant degree." *See* Def's Opp. at 3. Defendant's assertion that this case should be stayed and issues pertaining to jurisdiction should be decided in the federal MDL, ignores the pendency of state actions before this Court and contradicts any argument relating to judicial economy and efficiency.

Currently, eight cases are set for the remand hearing before this Court on January 14, 2008. None of the proceedings transferred to the Avandia MDL involve similar fraudulent joinder issues and there is no hearing date for and pending motion. *See* (Exhibit A; Avandia MDL Docket Report). GSK asks that this Court transfer these cases to another forum for additional briefing and an uncertain hearing date only to face the likely possibility that the cases be remanded back to California state court. As such, Defendant is merely attempting to delay merits based litigation by having the issue of contested jurisdiction fester in the federal MDL.  This tactic lacks substance and meaningful logic and is directly at odds with the efficiency and economy argument GSK espouses

1 in opposing this Motion to Remand. Thus, Plaintiff respectfully requests that this Court rule on its
2 Remand Motion and deny GSK's Motion to Stay.

### b. McKesson Corporation, as the Distributor of Avandia, is Liable for Plaintiff's Injuries and Therefore is not a Fraudulently Joined Defendant.

McKesson Corporation is a sophisticated pharmaceutical distributor, in the direct chain of distribution for Avandia, that knew or should have known of the dangers of Avandia and warned Plaintiff and his physicians of those dangers. Plaintiff's allegation is that McKesson was actively engaged in the distribution, marketing and promotion of Avandia and is not merely a clearinghouse for the drug. *c.f. Barth v. B.F. Goodrich Tire Co.*, 265 Cal.App.2d 228 (1st Dist. 1968).

What Plaintiff has placed before the Court is a basis for McKesson's liability. The activities and overall knowledge of McKesson place it in a category beyond mere "distributor." Defendant asserts that the allegations against McKesson are "generic" and "conclusory" in a desperate attempt to convince this Court that there was fraudulent joinder. However, even a cursory review of Plaintiff's complaint confirms that there are valid causes of action against McKesson for the distribution and promotion of Avandia. *See Aaroe v. Merck & Co., Inc.*, 2005 U.S. Dist. Lexis 40744 (C.D. Cal. 2005) (finding the allegations that McKesson distributed the drug throughout the country, Plaintiff ingested the drug, and McKesson knew or should have known of the tortuous conduct, is sufficient to charge McKesson with the wrongful conduct). While Defendant's arguments, if true, may provide some support for a summary judgment motion, it does nothing to overcome the fact that Plaintiff has met the minimal threshold that there *may* be a sustainable claim against McKesson that could be fleshed out in discovery. *See Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). Further, issues regarding the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in the favor

of remand. *Id*. at 1008; *See also Peloza v. Capistrano Unified Sch. Dist*., 37 F.3d 517, 521 (9th Cir. 1994); *Little v. Purdue Pharma, LP*, 227 F.Supp.2d 838, 847 (S.D. Ohio 2002).

Defendant's reliance on failure to warn cases precluding claims against physicians and pharmacists is also misplaced. The general rule under California law is that both a manufacturer and a distributor can be strictly liable for injuries caused by a defective product. *Maher v. Novartis Pharmaceuticals Corp*., 2007 U.S Dist. Lexis 58984 *7 (S.D. Cal. Aug. 10, 2007); *Bostick v. Flex Equipment Co*., 147 Cal.App.4th 80, 88 (2007); *Anderson v. Owens-Corning Fiberglass Corp*., 53 Cal.3d 987 (1991). While the California Supreme Court has recognized an exception in strict liability for pharmacists in prescription drug cases, *see Murphy v. E.R. Squibb & Sons, Inc*., 40 Cal.3d 672, 681 (1985), it has not addressed liability in prescription drug cases for distributors and other potential defendants in the "commercial chain." *Daly v. General Motors*, 20 Cal.3d 725, 739 (1978). In fact, Defendant has not cited *any* case under California law which creates an exception in strict liability for distributors in prescription drug cases. As such, this Court cannot conclude that it is obvious that the general rule of distributor liability does not apply under the allegations in this case. *See Maher v. Novartis*, 2007 U.S. Dist. Lexis 58984 *12.

GSK maintains that Plaintiff's reliance for the principle that a distributor can be liable for failure to warn claims involving prescription drugs are derived from a "single judge in the Central District of California" and "do not represent correct applications of California law." See Def's Opp. at 9:9-12. This is simply not true. GSK fails to acknowledge that a number of courts have concluded that a distributor defendant was not fraudulently joined because a distributor could possibly be liable for failure to warn in prescription drug cases under California law. *See Maher v. Novartis*, 2007 U.S. Dist. Lexis 58984 (S.D. Cal. Aug. 10, 2007); *Martin v. Merck & Co. Inc.*, 2005 U.S. Dist. Lexis 41232 (E.D. Cal. Aug. 17, 2005); *Becraft v. Ethicon*, 2000 U.S. Dist. Lexis 17725

Plaintiff's Reply in Support of Motion to Remand

1  (N.D. Cal. Nov. 2, 2000); *McCabe v. General Foods Corp.*, 811 F.2d 1336 (9th Cir. 1987); *Aaron v.*
2  *Merck & Co. Inc.*, 2005 U.S. Dist. Lexis 40745 (C.D. Cal. July 26, 2005); *Black v. Merck & Co.*
3  *Inc.*, 2004 U.S. Dist. Lexis 29860 (C.D. Cal. Mar. 3, 2004).

## II.   CONCLUSION

GSK has failed in every category necessary to sustain removal. Plaintiff has stated viable causes of action against Defendant McKesson Corporation for the injuries he sustained from his ingestion of Avandia. If anything, GSK has set forth an argument for summary judgment without the benefit of any discovery. That is not what the Plaintiff has to defend when the burden of proof is on Defendant and there is a strong presumption against removal jurisdiction. Therefore, Plaintiff respectfully requests this Court grant the Motion to Remand.

Dated: December 28, 2007

Respectfully submitted,

_____/s/_____
David C. Andersen (Bar No. 194095)
THE MILLER FIRM, LLC
Attorneys for Plaintiff
108 Railroad Avenue
Orange, VA 22960
Phone: (540) 672-4224
Fax: (540) 672-3055
Email:dandersen@doctoratlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Donald. F. Zimmer
Krista Cosner
Drinker Biddle & Reath LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

Dated: December 28, 2007

Respectfully submitted,

_____/s/_____
David C. Andersen (Bar No. 194095)
THE MILLER FIRM, LLC
Attorneys for Plaintiff
108 Railroad Avenue
Orange, VA 22960
Phone: (540) 672-4224
Fax: (540) 672-3055
Email:dandersen@doctoratlaw.com

Plaintiff's Reply in Support of Motion to Remand

Case 3:07-cv-05889-MHP    Document 28    Filed 12/28/2007    Page 7 of 8

Plaintiff's Reply in Support of Motion to Remand

Case 3:07-cv-05889-MHP    Document 28    Filed 12/28/2007    Page 8 of 8

Case 3:07-cv-05889-MHP    Document 28    Filed 12/28/2007    Page 8 of 8

8

Plaintiff's Reply in Support of Motion to Remand